UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHILAH STONE, individually and as Parent and Next Friend of B.S., a minor child, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 15-CV-0652-CVE-TLW |
| STATE OF OKLAHOMA, ex rel. OKLAHOMA DEPARTMENT OF HUMAN SERVICES; WENDI M. MURRELL, individually; KRISTI SIMPSON, individually; LISA THOMPSON, individually; and GABRIELLA EVANS, individually, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss and Brief in Support of Defendants Kristi Simpson, Lisa Thompson, and Gabriella Evans (Dkt. # 13) and the Motion to Dismiss and Brief in Support of Defendant Oklahoma Department of Human Services (Dkt. # 14). Defendants Simpson, Thompson and Evans ask the Court to dismiss plaintiffs' 18 U.S.C. § 1983 and state law claims against them because plaintiffs have failed to state a claim upon which relief can be granted. Dkt. # 13. Defendants argue that plaintiffs' complaint fails to assert a constitutional or statutory right defendants allegedly violated, that defendants are entitled to qualified immunity, and that plaintiffs cannot recover on their state law negligence causes of action as a matter of law. Id. at 5. Plaintiffs respond that they have stated a § 1983 claim based on "danger creation," that defendants are not entitled to qualified immunity, and that they have properly pled all alternative causes of action. Dkt.

# 23. Defendant Oklahoma Department of Human Services (DHS) asks the Court to dismiss plaintiffs' state law negligence and constitutional claims for failure to state a claim, arguing that the Oklahoma Governmental Tort Claims Act (GTCA), OKLA. STAT. TIT. 15, § 151 et seq., bars plaintiffs' negligence claims and that plaintiffs' constitutional claim is barred as a matter of law. Dkt. # 14, at 11. Plaintiffs respond that their negligence claims are not barred by the GTCA and that their constitutional claim is properly pled and allows a private right of action. Dkt. # 24, at 4-7. Plaintiffs ask the Court to deny both motions. Dkt. ## 23, 24.

**I.**

Plaintiff Shilah Stone, individually and as parent and next friend of her minor child, B.S. (plaintiffs)[1], brought this action in Tulsa County District Court, seeking damages for a traumatic head injury B.S. received in 2014 while in a family child care home licensed by DHS. Dkt. 2-2. Defendant Wendi Murrell operated the home child care facility in which B.S. was injured. Id. at 2. Defendants Simpson, Thompson, and Evans are DHS employees who were involved in "the permitting, monitoring, and licensing of Wendi Murrell's family child care home in which BS was placed for care." Id.

Plaintiffs' complaint asserts three causes of action against defendants Simpson, Thompson, and Evans: (1) a negligence claim asserting a breach of "duty to use reasonable care to avoid causing unwarranted harm to plaintiffs," (2) a 42 U.S.C. § 1983 claim based on a "danger creation" theory alleging violation of plaintiffs' Fourteenth Amendment due process rights, and (3) negligence

---

[1] Plaintiff Stone brings this action in two capacities: on her own behalf and as the parent and next friend of her minor child. Although plaintiff serves in two separate capacities, she remains a single, individual plaintiff. However, in conformity with the caption and the parties' pleadings, the Court will refer to plaintiff in both capacities as "plaintiffs."

2

for breach of the "duty to use reasonable care to avoid causing unwarranted harm to plaintiffs," and three causes of action against defendant DHS: (1) negligence under respondeat superior pursuant to the GTCA; (2) violation of the Oklahoma Constitution's due process clause; and (3) negligence for breach of the "duty to use reasonable care to avoid causing unwarranted harm to plaintiffs." Id. Defendants removed the action to this Court on the basis of federal question jurisdiction. Dkt. # 2. Defendants Simpson, Thompson, and Evans now seek dismissal of plaintiffs' claims against them, arguing that plaintiffs fail to allege a sufficient legal and factual basis and that defendants are entitled to qualified immunity. Dkt. # 13, at 5. Defendant DHS seeks dismissal of plaintiffs' claims, arguing that plaintiffs' negligence and constitutional claims are barred as a matter of law. Dkt. # 14, at 11.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions" Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact,

3

and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

#### A.

The Court first addresses Simpson, Thompson, and Evans's argument that plaintiffs have failed to state a § 1983 claim. Defendants assert that plaintiffs' complaint fails to plausibly allege an actionable § 1983 claim because the allegations are so broad that they encompass a wide swath of innocent conduct and constitute nothing more than a formulaic recitation of the elements of a cause of action. Dkt. # 13, at 11. Plaintiffs respond that they have properly pled their § 1983 claim, particularly asserting that the complaint contains detailed factual allegations demonstrating that defendants' conduct resulted in the creation of danger to B.S. that is actionable under § 1983. Dkt. # 23, at 4-6.

Section 1983 provides a claim for relief against state actors for a violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiffs assert that defendants violated their Fourteenth Amendment due process rights under the "danger creation" theory. Dkt. # 2-2. Under this theory, "'[s]tate officials can be liable for the acts of third parties where those officials 'created the danger' that caused the harm.'" Armijo by and through Chavez v. Wagon Mound Pub. Sch., 159 F.3d 1253,1262 (10th Cir. 1998) (quoting Seamons v. Snow, 84 F.3d 1226, 1236 (10th Cir. 1996)). The Tenth Circuit has articulated a six-part test for danger-creation claims, requiring a plaintiff to show that:

> "(1) the charged state entity and the charged individual created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specifically definable group; (3) defendant['s] conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking."

Estate of B.I.C. v. Gillen, 761 F.3d 1099, 1105 (10th Cir. 2014) (alteration in original) (quoting Estate of B.I.C. v. Gillen, 710 F.3d 1168,1173 (10th Cir. 2013)). However, "[t]here are also two preconditions that the plaintiff must show: that the state actor engaged in affirmative conduct and that there was private violence." Id. at 1105.

Here, plaintiffs' complaint fails to sufficiently allege both affirmative conduct by a state actor and that the conduct at issue "shocks the conscience." First, plaintiffs make no allegations in their complaint regarding affirmative conduct of the state employees that created or increased the danger to B.S. "Affirmative conduct for purposes of § 1983 should typically involve conduct that imposes an immediate threat of harm, which by its nature has a limited range and duration. Moreover, the conduct should be directed at a discrete plaintiff rather than at the public at large." Ruiz v. McDonnell, 299 F.3d 1173, 1183 (10th Cir. 2002) (internal citations and quotations omitted). In Ruiz, the Tenth Circuit affirmed a district court's dismissal of a plaintiff's complaint alleging a § 1983 claim based on a danger creation theory in a case with similarly tragic

5

circumstances. Id. at 1182-85. There, the Court considered whether plaintiff, the mother of a child who died from a serious head injury received while in the care of a state-licensed at-home daycare, pled sufficient facts to demonstrate affirmative conduct by state officials who were involved in the licensing of the at-home daycare where the child received his injuries. The Court concluded that:

> the crux of [plaintiff's] claim is that [her child] suffered injuries of constitutional proportions because the State Defendants improperly licensed [the daycare] after failing to conduct an investigation into the facility. However, we do not view the mere licensure of [the daycare] as constituting the requisite affirmative conduct necessary to state a viable § 1983 claim. Specifically, the improper licensure did not impose an immediate threat of harm. Rather, it presented a threat of an indefinite range and duration. Moreover, the licensure affected the public at large; it was not aimed at [the child] or [plaintiff] directly. Unlike the direct placement of a child into an abusive home, the mere licensure of [the day care] was not an act directed at [the child] which, in and of itself placed [the child] in danger.

Id. at 1183. For the same reasons the Ruiz court concluded that the plaintiff failed to allege affirmative conduct, this Court concludes that plaintiffs here failed to allege affirmative conduct by the DHS employee defendants. Plaintiffs make allegations about defendants' conduct regarding only the licensure, supervision, and monitoring of Murrell's home day care. This alleged conduct would present a threat of an indefinite range and duration, rather than an immediate threat of harm and would not present a threat specifically aimed at B.S.

Second, plaintiffs fail to include factual assertions that plausibly allege that the alleged conduct of DHS employee defendants "shocks the conscience." As the Tenth Circuit has stated regarding this element of a danger-creation claim,

> the ultimate standard for evaluating a substantive due process claim is whether the challenged government action "shocks the conscience" of federal judges. To assist us in that determination, we look to the following three factors: (1) the need for restraint in defining the scope of substantive due process claims; (2) the concern that § 1983 not replace state tort law; and (3) the need for deference to local policymaking bodies in making decisions impacting public safety. These factors counsel that the application of danger creation as a basis for § 1983 claims is

6

> reserved for exceptional circumstances. We have noted that ordinary negligence does not shock the conscience, and that even permitting unreasonable risks to continue is not necessarily conscience shocking. Rather, a plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.

Id. at 1183-84 (internal citations and quotations omitted). The Ruiz court, in addition to concluding that plaintiff's complaint did not allege affirmative conduct by state actors, also concluded that plaintiff's complaint failed to sufficiently allege conduct that "shocks the conscience." Id. at 1184. The court stated that,

> [w]hile we deeply sympathize with [plaintiff] in the tragic death of her son, we cannot conclude the State Defendant's conduct in this case was so egregious, outrageous or fraught with unreasonable risk as to shock the conscience. Talking all of [plaintiff's] allegations as true, as we must, we do not believe that the State Defendants' failure to conduct the requisite background and insurance checks rise about the level of negligence. Because negligent acts are insufficient to sustain a substantive due process claim under § 1983, we conclude that the district court properly granted the State Defendants' motion to dismiss.

Id. at 1184 (internal citations and quotation marks omitted). Here, like the plaintiff in Ruiz, the plaintiffs make allegations relating only to negligent acts of the DHS employee defendants--the defendants' negligence in supervising, monitoring, and licensing Murrell's home day care. The defendants' failure to supervise, monitor, or adequately perform an investigation prior to licensing Murrell's day care does not rise above the level of negligence, particularly when plaintiffs' complaint lacks any allegations that would allow the Court to conclude that defendants' conduct in this case "was so egregious, outrageous, or fraught with risk as to shock the conscience." See id. For these reasons, the Court concludes that plaintiffs' complaint fails to state a claim for a constitutional violation under § 1983. Because the Court concludes that plaintiffs' complaint fails to state a § 1983 claim, the Court need not address whether defendants would be entitled to qualified immunity.

**B.**

Plaintiffs' remaining claims arise under state law. Pursuant to 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction over claims related to the claims over which it has original jurisdiction. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); see Gaston v. Ploeger, 297 F. App'x 738, 746 (10th Cir. 2008)[2] (stating that § 1367(c)(3) expressly permits a district court to decline to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment in favor of defendant on federal law claims). This Court does not have original jurisdiction over plaintiffs' GTCA, negligence, or respondeat superior claims, because those claims arise under state law. And there is no evidence of diversity jurisdiction. The decision to exercise supplemental jurisdiction is discretionary, but courts should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction." Anglemeyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enters. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)).

The Court finds that the extent of the pretrial proceedings does not outweigh the interests that would be served by having plaintiffs' state law claims tried in a state court. Judicial economy would be served by having the Oklahoma courts resolve issues of Oklahoma law. Further, the Tenth Circuit has "repeatedly recognized that this is the preferred practice." Gaston, 297 F. App'x at 786; see Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining

---

[2] This and all other unpublished opinions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1

8

state law claims."); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995) (noting that there are "the best of reasons" for a district court to defer to a state court rather than retaining and disposing of state law claims).  The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss and Brief in Support of Defendants Kristi Simpson, Lisa Thompson, and Gabriella Evans (Dkt # 13) is **granted in part**. Plaintiffs' federal claim under 42 U.S.C. § 1983 is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **remand** this case to Tulsa County District Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss and Brief in Support of Defendants Kristi Simpson, Lisa Thompson, and Gabriella Evans (Dkt. # 13), insofar as it relates to state law claims, and the Motion to Dismiss and Brief in Support of Defendant Oklahoma Department of Human Services (Dkt. # 14) remain pending to be addressed by the state court.

**DATED** this 20th day of April, 2016.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE